UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MELVIN H. FRANCIS | CIVIL ACTION |
| VERSUS | NO. 20-997 |
| ITG BRANDS LLC, ET AL. | SECTION "A" (2) |

### ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 12)** filed by the Plaintiff Melvin H. Francis. The Defendants (collectively, the "Avondale Interests") oppose the motion. (Rec. Doc. 21). The motion, set for submission on May 13, 2020, is before the Court on the briefs without oral argument.

**I.     Background**

On October 26, 2018, Francis was diagnosed with an asbestos-related lung cancer. (Rec. Doc. 12-1, p. 1, Francis's Memorandum in Support). Francis claims that his lung cancer stems from his occupational exposure to injurious levels of asbestos while employed by Avondale Shipyards, Inc. where he worked as a rod clerk from 1973 to 1974. *Id*. at 1-2. As a result, Francis filed his Complaint on October 9, 2019 against the Avondale Interests. *Id*. at 1.

Francis was deposed on January 21, 2020, and the Avondale Interests received his deposition transcript on February 4, 2020. *Id*. at 4. The Avondale Interests then filed a Notice of Removal on March 24, 2020 pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, noticing the removal of Francis's suit from Louisiana state court to the United States District Court for the Eastern District of Louisiana. *Id*.

As a result of this Notice of Removal, Francis filed a Motion to Remand. In support of his Motion, Francis provides two main rationales for why this matter should be remanded to state court: (1) the Avondale Interests failed to remove this matter within 30 days of when the Defendants could first ascertain that this case was removable and (2) the exception outlined in the *Green* case does not make this removal timely because the *Latiolais* opinion is not an "order" or "other paper."

The Court will now assess the merits of Francis's Motion to Remand.

**II.    Discussion**

Section 1442(a)(1) makes removable a civil action commenced in a state court against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office[.]" 28 U.S.C. § 1442(a)(1). The statute allows federal officers to remove to federal court cases "that ordinary federal question removal would not reach." *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020). "In particular, section 1442(a) permits an officer to remove a case even if no federal question is raised in the well-pleaded complaint, so long as the officer asserts a federal defense in the response." *Id*.

**A.  Timeliness of the Avondale Interests' Removal**

Removals under § 1442(a)(1) are subject to the time limits set forth in 28 U.S.C. § 1446(b). *See Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 607 (5th Cir. 2018). Generally, a civil action must be removed within 30 days after the defendant receives a copy of the initial pleading "setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has

then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). However, if the case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*. § 1446(b)(3) (emphasis added). "The information supporting removal in a copy of an amended pleading, motion, order or other paper . . . must be unequivocally clear and certain to start the time limit running." *Morgan*, 879 F.3d at 608-09 (internal quotation marks and citations omitted). For example, the Fifth Circuit has held that "Section 1446(b)(3)'s removal clock begins ticking upon receipt of the deposition transcript" said to constitute the "other paper," and not from the date of the oral deposition. *Id*. at 612.

Here, there is no dispute that a deposition transcript unquestionably constitutes "other paper." However, the Court finds that the Avondale Interests' receipt of Francis's deposition transcript did not start the removal clock under § 1446(b)(3) because, before the Fifth Circuit's February 24, 2020 *en banc* opinion in *Latiolais*, it was not "unequivocally clear and certain" that the case had become removable. Prior to the Fifth Circuit's decision in *Latiolais*, a defendant removing a case under § 1442(a)(1) had to show "(1) it [was] a 'person' within the meaning of the statute, (2) it acted 'pursuant to a federal officer's directions,' and (3) it assert[ed] a 'colorable federal defense.'" *Latiolais*, 951 F.3d at 291 (quoting *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 396-400 (5th Cir. 1998)). The Fifth Circuit interpreted the second prong as requiring a "causal nexus" where the defendant had to show that it "acted pursuant to a federal officer's directions and that a causal nexus exist[ed] between the defendants' actions under color of federal office and the plaintiff's claims." *Id*.

(quoting *Winters*, 149 F.3d at 398). With respect to the "causal nexus" test's application to asbestos cases, another section of this court explained the legal landscape as follows:

> Put simply, in the Fifth Circuit, the causal nexus element in [asbestos-exposure] cases is met when a plaintiff seeks to recover from a government contractor on a theory of strict liability but is absent when the theory of recovery is restricted to negligence. For strict liability claims that rest on the mere use of asbestos, a causal nexus is established because the government obligates the defendant to use the allegedly defective product that causes the plaintiff's harm. But asbestos claims alleging negligent failure to warn, train, or implement safety procedures do not give rise to federal jurisdiction when unrebutted evidence shows that the government did nothing to direct the shipyard's safety practices.[1]

Courts in the Fifth Circuit held fast to this interpretation of § 1442(a)(1) even after Congress amended the Federal Officer Removal Statute in 2011 by inserting the words "or relating to" before "any act under color of such office." Removal Clarification Act of 2011, Pub. L. No. 112-51, § 2(b)(2), 125 Stat. 545, 545 (2011) (amending 28 U.S.C. § 1442(a)(1)) (emphasis added); *see Latiolais*, 951 F.3d at 291-92 (citing *Bartel v. Alcoa S.S. Co.*, 805 F.3d 169, 172-75 (5th Cir. 2015). Accordingly, until the Fifth Circuit's February 24, 2020 *en banc* decision in *Latiolais*, the district courts within this district heeded the controlling law from that court and consistently held that asbestos-related negligence claims against Avondale did not satisfy the causal nexus test. *See Schexnayder v. Huntington Ingalls Inc.*, 2020 WL 114136, at *1-2 (E.D. La. Jan 10, 2020) (J. Milazzo); *Parfait v. Huntington Ingalls Inc.*, 2019 WL 4297912, at *9 (E.D. La. Sept. 11, 2019) (J. Feldman). Thus, not only was it not "unequivocally clear and certain" that this case was removable under the state of the law at the time the Avondale Interests received Francis's deposition transcript, the case was clearly not

---

[1] *Parfait v. Huntington Ingalls Inc.*, 2019 WL 4297912, at *4 (E.D. La. Sept. 11, 2019) (internal quotation marks and citations omitted) (J. Feldman).

removable. Had the Avondale Interests removed the case at that time, it surely would have been remanded.

Francis's argument that the Avondale Interests should have removed the case after receiving his deposition transcript because it removed other cases around the same time is unavailing. (Rec. Doc. 12-1, p. 6-10, Francis's Memorandum in Support). Remands of cases removed under § 1442(a)(1) are appealable. 28 U.S.C. § 1447(d). To challenge the prevailing jurisprudence, the Avondale Interests were removing some cases like Francis's though cognizant that remand and the need to appeal were certain. In these cases, including *Latiolais*, Avondale advocated that the 2011 amendment which added the words "relating to" to § 1442(a)(1) expanded federal-officer removal to include asbestos-related negligence claims, if the other conditions for such removal were met. *Latiolais*, 951 F.3d at 292. This was a non-frivolous argument, made in good faith, for a change in the law, but it was not necessary for Avondale to make the argument (especially via the expensive and cumbersome process of removal, remand, and appeal) in every one of its cases in order to preserve a right to removal if the then-established law were later changed. To hold otherwise would mandate the kind of protective removal the Fifth Circuit has plainly said is unnecessary. *See Morgan*, 879 F.3d at 610 (in holding that the removal clock begins on receipt of a deposition transcript, not the day of the oral deposition, the court observed: "[i]t promotes both the purpose of § 1446 and judicial economy to reduce protective removals by defendants and discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement.") (internal quotation marks and citations omitted). It also promotes both the purpose of § 1446 and judicial economy to reduce protective removals

by defendants and discourage removals before their legal (no less than their factual) basis can be shown to be established by controlling law.

### B.  Whether the *Green* Exception Applies

The Avondale Interests removed this case on March 24, 2020, 30 days from the Fifth Circuit's February 24, 2020 opinion in *Latiolais*. However, Francis contends that this decision is not the kind of "order" that can trigger the right to remove a previously unremovable case. Section 1446(b)(3) permits removal within 30 days of the defendant's receipt of an order "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Decisions in unrelated cases usually do not constitute "orders" under § 1446(b)(3) and hence are "not to be grounds for removal." *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 266 (5th Cir. 2001) (citations omitted). However, in *Green*, the Fifth Circuit, relying on *Doe v. American Red Cross*, 14 F.3d 196 (3d Cir. 1993), held that an order in another case can be an "order" for purposes of removing a case under § 1446(b)(3) when the two cases involve (1) the same defendants, (2) a similar factual situation, and (3) resolution of a similar legal issue that has the effect of making the case removable. *Green*, 274 F.3d at 267-68.

Here, this case fits within *Green*'s narrow exception. As in this case, the Avondale Interests were defendants in *Latiolais*. Both cases involve negligence claims brought against the Avondale Interests for injuries allegedly caused by use of asbestos at the direction of a federal officer. Further, *Latiolais* resolved the legal question at issue here – the removability under the Federal Officer Removal Statute of cases involving asbestos-related negligence

claims. Thus, under *Green*, the Court finds that the *en banc* decision in *Latiolais* constitutes an "order" for purposes of removal under § 1446(b)(3).[2]

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 12)** filed by the Plaintiff Melvin H. Francis is **DENIED**.

June 1, 2020

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[2] In Francis's Memorandum in Support, Francis notes that the Avondale Interests' Notice of Removal incorrectly labeled the *Latiolais* decision as "other paper" instead of "an order" as their rationale for removing this matter. Although Francis is correct that the Avondale Interests used the improper terminology in their Notice of Removal, the Court finds this technical error to be too immaterial to form the basis for granting Francis's Motion to Remand.